# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

ARMANNA J BELLOW,

          Plaintiff,

vs.

CLARK COUNTY GOVERNMENT,

          Defendant.

Case No. 2:23-cv-01218-APG-VCF

**ORDER**

Pro se plaintiff Armanna J Bellow filed a complaint, but he did not pay the filing fee or file an application to proceed in forma pauperis.  Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."

Although Bellow lists a residential address, his complaint states that he is currently incarcerated. If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an

initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Bellow is a frequent litigator in this Court, so he is familiar with the rules of this Court. I note that his cases have been frequently dismissed, which boarders on vexatious. Plaintiff must pay the full filing fee or file an application to proceed in forma pauperis that complies with the PLRA (if he is incarcerated) if he wishes to proceed with this case. Since plaintiff has not yet initiated this case, I deny his motion of collection without prejudice to refile after he either (1) pays the filing fee or (2) files an application to proceed in forma pauperis.

ACCORDINGLY,

I ORDER that Plaintiff has until Monday, November 13, 2023, to pay the filing fee in full or file an application to proceed in forma pauperis. Failure to comply with this order may result in dismissal of this case or an order that this case be administratively closed.

I FURTHER ORDER that plaintiff's motion of collection (ECF No. 4) is DENIED WITHOUT PREJUDICE, per the instructions in my order.

I CAUTION plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 13th day of October 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE