UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Armanna J Bellow,<br><br>               Plaintiff(s),<br><br>vs.<br><br>Clark County Government,<br><br>               Defendant(s). | 2:23-cv-01218-APG-MDC<br><br>**Order** |

      Pro se plaintiff Armanna J. Bellow filed two motions, a motion for relief (ECF No. 9) and a motion for trial (ECF No. 14). Plaintiff also filed an application to proceed in forma pauperis. ECF No. 10. I deny the motion for relief (ECF No. 9) and the application to proceed IFP (ECF No. 10) as moot. I deny the motion for trial, which I liberally construe as a motion for leave to amend with a demand for a jury trial (ECF No. 14) as unnecessary.

**I.    Background**

      This case was previously assigned to Judge Ferenbach, and he sought clarification as to whether the plaintiff was incarcerated. Although plaintiff listed a residential address, his complaint implied he was incarcerated. In addition, the plaintiff did not file an in forma pauperis application.

**II.    Analysis**

      "A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). The Prison Litigation Reform Act, "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. *Jones v. Bock*, 549 U.S. 199, 202, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007), citing to 28 U.S.C. § 1915A; see also *Caballero v. Aranas*, No. 3:19-cv-00079-MMD-CLB, 2020 U.S. Dist. LEXIS 113850,

at 5 (D. Nev. June 29, 2020, citing to 28 USCS § 1915A(a)). A party may amend its pleading as a matter of course no later than 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Plaintiff*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

Plaintiff filed a pro se motion for relief. ECF No. 9. Construing the motion for relief liberally, I believe the plaintiff is asking for a motion for relief from Judge Ferenbach's order because plaintiff refers to his "right to sue for relief of complaint and order of collection certificate." ECF No. 9. Judge Ferenbach wanted the plaintiff to (1) state whether he was incarcerated or not and (2) to either pay the filing fee or file an application to proceed in forma pauperis. ECF No. 8.

Addressing Judge Ferenbach's inquiry as to whether plaintiff was incarcerated, based on the facts on the record, it appears that plaintiff is not incarcerated. For example, plaintiff states in his newly filed in forma pauperis application that he receives SSI and spends $1,000 a month on food. It also appears that the plaintiff paid the filing fee in person in the clerk's office. ECF No. 17. These facts, along with the residential address that he listed on the docket, are enough to conclude that plaintiff is not currently incarcerated. Since plaintiff has now paid the filing fee, in full, in cash, and in person, the (1) motion for relief from Judge Ferenbach's order and (2) his previously filed IFP application are now moot. ECF Nos. 9 and 10. Since the plaintiff is not incarcerated and has now paid the filing fee, I do not screen his complaint.

Plaintiff also filed a motion for trial (ECF No. 14) which I construe liberally as a request to amend with a demand for jury trial because he captioned the motion "amended complaint" and he filed it simultaneously with his amended complaint (ECF No. 13). The motion for trial and the amended complaint are in fact identical. Since plaintiff has not yet served the original complaint, the motion for leave is unnecessary at this stage because plaintiff could still amend as of right. I warn plaintiff that the

amended complaint must be complete in itself, without reference to the previous complaint. Since the motion for trial appears to be plaintiff's amended complaint with a jury trial demand, I deny that motion as unnecessary.

ACCORDINGLY,

I ORDER that Bellow's *motion for relief* (ECF No. 9) is DENIED AS MOOT.

I FURTHER ORDER that Bellow's *application to proceed in forma pauperis* is DENIED AS MOOT.

I FURTHER ORDER that Bellow's *motion for trial* (ECF No. 14), which I liberally construed as a motion for leave to amend with a jury trial demand, is DENIED as unnecessary.

//

//

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 23rd day of January 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge