UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARMANNA J. BELLOW,<br><br>    Plaintiff<br><br>v.<br><br>CLARK COUNTY GOVERNMENT,<br><br>    Defendant | Case No.: 2:23-cv-01218-APG-MDC<br><br>**Order Granting Defendant's Motion to Dismiss and Denying Plaintiff's Motion for Summary Judgment**<br><br>[ECF Nos. 25, 30] |

Armanna Bellow sued Clark County alleging that the County deprived him of his civil rights in violation of 42 U.S.C. § 1983. Bellow's allegations stem from his 2021 arrest and the subsequent dismissal of the charges after the presiding judge found that Bellow was incompetent to stand trial. Clark County moves to dismiss for failure to state a claim against the County and because any claim would be time-barred. Bellow opposes and moves for summary judgment. Because Bellow has not articulated a viable claim against Clark County, I deny his motion for summary judgment and dismiss his complaint. But I grant Bellow leave to amend his complaint.

**I. BACKGROUND**

Bellow has filed numerous documents that are styled as amended complaints. ECF Nos. 13, 18, 23, 29. I address his amended complaint filed as ECF No. 18 as the operative complaint because it is the only one he served on Clark County, and it is the one Clark County moves to dismiss. ECF Nos. 24, 25. Although he is entitled to amend once as a matter of course, Bellow must obtain leave of the court for any future amendments. Fed. R. Civ. P. 15(a)(1), (a)(2).

Although Bellow's several complaints are difficult to decipher, it appears that he was arrested and charged in Nevada state court with a felony in June 2021. ECF No. 18 at 3. Bellow was held at both the Clark County Detention Center and Stein Hospital for approximately 11

months. *Id.* at 4.  The state court declared Bellow incompetent to stand trial without the probability of attaining competency in the foreseeable future. *Id.*; ECF No. 1-1 at 3.  On May 6, 2022, the judge dismissed the charges against Bellow without prejudice and ordered that he be either released from custody within ten days or committed to a mental health facility under Nevada Revised Statutes § 433A.200. ECF No. 1-1 at 3.  Bellow alleges that he was falsely held in county detention centers where he suffered sexual assault and other civil rights violations. ECF No. 18 at 1-2.  Bellow previously sued the City of Henderson and Henderson Police Department in this court for false arrest relating to this incident.  Those claims were dismissed with prejudice because the Nevada state court conclusively determined that the police had probable cause to arrest Bellow, which precluded a false arrest claim. *Bellow v. City of Henderson*, No. 2:22-cv-01144-JAD-EJY, 2022 WL 22835381, at *1-2 (D. Nev. Dec. 26, 2022); *Bellow v. Henderson Police Dep't*, No. 2:22-cv-01144-JAD-EJY, 2023 WL 11822231, at *1 (D. Nev. Jan. 13, 2023).

## II. DISCUSSION

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must also make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When the claims have not

crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

To prevail on a claim under § 1983, a plaintiff must show "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A local government unit is a "person" that can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). But a local government cannot be held liable solely because it employs a person who violated the plaintiff's rights. *Id.* at 691. Rather, Bellow must plausibly allege (1) he was deprived of a constitutional right, (2) Clark County had a policy that (3) "amounts to deliberate indifference to his constitutional right, and (4) the policy is the moving force behind the constitutional violation." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (simplified). Bellow can show a policy by plausibly alleging that (1) Clark County acted under an expressly adopted official policy; (2) Clark County had a "longstanding practice or custom," such as failing to implement safeguards to prevent constitutional violations or failing to adequately train its employees; or (3) the person who committed the constitutional violation "was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 973-74 (quotations omitted).

Bellow's operative complaint fails to allege the necessary elements of a § 1983 claim against Clark County. He makes vague, conclusory allegations that his rights were violated and that he was sexually assaulted in the detention centers by government officials. He does not recite specific facts describing how his rights were violated to plausibly allege a valid § 1983 claim. He also does not identify any Clark County policy, longstanding practice, or custom that

led to these abuses. The operative complaint thus fails to plausibly allege a claim upon which relief can be granted. Because Bellow fails to state a claim, he cannot be entitled to summary judgment as a matter of law under Federal Rule of Civil Procedure 56(a). Thus, I deny Bellow's motion for summary judgment.

Bellow is proceeding *pro se* and is less familiar with legal requirements than a trained attorney. "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Additionally, I should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Because it is not clear that amendment would be futile, I grant Bellow leave to file an amended complaint and cure the deficiencies I have described.

The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. I advise Bellow to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim.

**III. CONCLUSION**

I THEREFORE ORDER that the defendant's motion to dismiss (**ECF No. 25**) is **GRANTED**. I grant Bellow leave to amend his complaint to cure the deficiencies outlined in

this order. If Bellow chooses to file an amended complaint, he will file it by **October 18, 2024**. If he does not file an amended complaint by that date, I will dismiss this case without prejudice.

I FURTHER ORDER that Bellow's motion for summary judgment (**ECF No. 30**) **is DENIED**.

DATED this 18th day of September, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE